### C. L. Mistrot v. The State.

No. 2821.   Decided March 4, 1914.

**Occupation Tax—Itinerant Merchant—Information.**

Where defendant was prosecuted for failing to pay the occupation tax as an itinerant merchant under article 130, Penal Code, and as defined by section 1, article 7355, Revised Civil Statutes, and the information failed to allege that he pursued said occupation for a limited period of time, as the statute expressly provides, the same is bad on motion in arrest of judgment.

Appeal from the County Court of Baylor. Tried below before the Hon. T. J. North.

Appeal from a conviction of pursuing the occupation of an itinerant merchant without license; penalty, a fine of $150.

The opinion states the case.

*J. A. Wheat* and *Gregory, Batts & Brooks,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Our statutes, Revised Civil Statutes, article 7355, is: "There shall be levied on and collected from every person, firm, company or association of persons pursuing any of the occupations named in the following numbered subdivisions of this article, an annual occupation tax, which shall be paid annually in advance, except where herein otherwise provided, on every such occupation or separate establishment, as follows:

"Section 1.  From every merchant who may remove from place to place and offer for sale 'bankrupt stocks' of goods, or advertising 'fire sales,' or 'water and fire damaged stocks for sale,' for a limited period of time, there shall be collected one hundred dollars per month for the first month, or less than a month, for each and every place where such business is located; and for each additional month that such sales are continued, at any given place, said merchant shall pay an additional sum of ten dollars per month; and provided, further, that if they remain in one place for the period of twelve months, they shall be required to pay, in addition to the one hundred dollars for the first month, the sum fixed in the preceding paragraph, according to class and amount of goods sold in one year."

Article 130 of our Penal Code is: "Any person who shall pursue or follow any occupation, calling or profession, or do any act taxed by law, without first obtaining a license therefor, shall be fined in any sum not less than the amount of the taxes due, and not more than double that sum."

Under these articles appellant was prosecuted and convicted for pursuing the said business of an itinerant merchant without paying the tax and procuring a license therefor.

The appellant, both in his motion for new trial and in arrest of judgment, attacked the sufficiency of the complaint and information herein. It is unnecessary to give either in full. The charging part of both is in substance that appellant on or about January 30, 1913, in Baylor County, Texas, "did unlawfully engage in, pursue and follow the occupation and business of an intinerant merchant, that is a merchant who travels from place to place and advertises 'Bankrupt Sales,' or 'Fire Damaged Sales,' or 'Water and Fire Damaged Stock for Sale,' which said occupation was then and there made taxable and was taxed by law, without first having paid the taxes due said State and county, and without obtaining a license

to pursue said occupation." And then alleges the amount of tax, both due the State and county.

It will be noticed that the information does not charge that appellant pursued said occupation *"for a limited period of time."* The statute making such merchant liable for a tax expressly states that he is liable only in case he pursues such occupation "for a limited period of time." In other words, the fact that he pursues such business only for a limited time is the gist of the law requiring him to pay a tax, and he is liable only for a tax when he pursues that occupation for a limited time. Formerly every merchant was liable for an occupation tax, but the Legislature changed that and made only those liable for it who pursued the occupation shown by said article 7355, section 1, supra, *for a limited period of time.* Doubtless some confusion is occasioned by this as is evidenced by the latter part of said section 1 of article 7355. If a merchant pursues the occupation designated by said section 1 of article 7355, supra, permanently or practically permanently—not temporarily, then, as we understand the law, he would not be liable for any such tax any more than any other merchant would be. It is the temporary character of his occupation which makes him liable for the tax.

It is unnecessary to pass on any other question attempted to be raised in this case. Of course, if appellant has pursued the business above for a limited period of time, upon proper complaint and information or indictment, he could be convicted therefor. This complaint and information, in our opinion, is fatally defective only on the one point raised,—that is, that it did not charge that appellant pursued said business for a limited period of time. For this error the judgment is reversed and the cause ordered dismissed.

*Reversed and dismissed.*