Ex Parte A. J. Tate

No. 27,706. October 19, 1955

*Harold Kahn* and *King C. Haynie,* Houston, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

This is an appeal from an order of the judge of the district court of Robertson County refusing to discharge relator after a hearing upon his application for a writ of habeas corpus.

Appellant was convicted in the corporation court of the city of Calvert on a complaint which charged that he "unlawfully did exhibit goods, wares, merchandise or other personal property for the purpose of taking orders for sale thereof, without having an unexpired license permit as the same is required by the ordinance of the city of Calvert." Upon appeal, he was again convicted and assessed a fine of $100.00.

The state relies upon an ordinance that makes it unlawful for an itinerant vendor to sell, offer or exhibit for the purpose of taking orders for the sale thereof, any goods, wares and merchandise without having an unexpired license from the city of Calvert. The ordinance further provides that the term "Itinerant Vendor" means any person who engages in the temporary or transient business of selling, offering or exhibiting for sale any goods, wares and merchandise for a period of less than six months. Said ordinance also defines the terms "Temporary Business" and "Transient Business" as used therein. It provides a penalty of not less than $50 nor more than $100 for its violation.

The complaint does not allege that the appellant was an

itinerant vendor, nor any facts showing that he was an intinerant vendor or engaged in the temporary or transient business of exhibiting goods, wares and merchandise for the purpose of taking orders for the sale thereof without having obtained the required license. It does not charge any facts which, if true, amount to a violation of the ordinance relied on by the state. The ordinance does not apply to anyone unless he is pursuing the business of an intinerant vendor. It is the itinerant character of the business which requires the license. Mistrot v. State, 73 Texas Cr. R. 172, 164 S.W. 848. There being no ordinance shown making it a penal offense to do the acts charged against appellant in the complaint, renders the conviction void. There was no penal ordinance on which it could be based. Ex parte Roquemore, 60 Texas Cr. R. 282, 131 S.W. 1101, 32 L.R.A. (N.S.) 1186.

The judgment of the district court, refusing to discharge appellant from restraint because of the conviction mentioned, is reversed and appellant is ordered discharged.

Opinion approved by the court.